UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PROBATTER SPORTS, LLC,** | Index No.: |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| **SPORTS TUTOR, INC.,** | |
| Defendant. | December 28, 2005 |

Plaintiff, ProBatter Sports, LLC, by its attorneys, Grimes & Battersby, LLP for its complaint against Defendant, Sports Tutor, Inc., alleges as follows:

### INTRODUCTION

1. This is an action in law and equity for patent infringement and related claims arising out of Defendant's infringement of Plaintiff's U.S. Patent Nos. 6,182,649 (the "'649 Patent") and 6,546,924 (the "'924 Patent"), in violation of the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 281-285.

### PARTIES

2. Plaintiff ProBatter Sports, LLC ("ProBatter") is a Connecticut Limited Liability company having an address and principal place of business at 15 Old Gate Lane, Milford, Connecticut 06460.

3. Upon information and belief, Defendant Sports Tutor, Inc. ("Sports Tutor") is a California corporation having an address and principal place of business at 3300 Winona Avenue Burbank, California 91504.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the Connecticut Unfair Trade Practices Act claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant Sports Tutor by virtue of the fact that, upon information and belief, Sports Tutor: (1) regularly solicits business in this state; (2) has advertised, offered for sale and has sold a product that literally infringes one or more claims of the '649 and '924 Patents in this judicial district and elsewhere; and (3) has committed acts of unfair competition and unfair trade practice in this judicial district and elsewhere.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS COMMON TO THE COUNTS

7. Plaintiff is the owner of all rights in and to a unique baseball video pitching simulator (the "ProBatter Simulator") that features a three-wheel pitching machine, a computer control and a video display. The ProBatter Simulator includes a unique throwing head that can throw virtually any type of pitch on an interchangeable basis to various locations at speeds of between 50 and 100 MPH in any sequence while displaying a video image of a life-size pitcher on a projection screen. The batter sees the pitcher on the screen wind up and as he's about to throw, a real baseball is propelled through the screen by the throwing head toward the batter. The video image of the pitcher is synchronized with the release of the baseball so it appears as if the pitcher is actually throwing the ball. A computer touch screen is used to select pre-programmed sequences of pitches or a specific pitch.

8. Plaintiff introduced its ProBatter Simulator at the Major League Baseball Winter Meetings in Anaheim, CA in December, 1999 and, since then, has installed more than 120 units

of various ProBatter products throughout the United States and in Japan. ProBatter Simulators are used by a number of Major League Baseball teams and players, including the Boston Red Sox, Chicago White Sox, Cleveland Indians and New York Mets, college teams and commercial batting cages and training centers throughout the United States.

9.  The ProBatter Simulator is the subject of a number of U.S. Patents owned by Plaintiff, including United States Patent No. 6,182,649 (the "'649 Patent") entitled "Ball-Throwing Machine" for which a patent application was filed on March 1, 1999 and for which a patent was duly and legally issued on February 6, 2001 to Gregory J. Battersby et al. A true and correct copy of the '649 Patent is attached hereto as Exhibit A and incorporated herein by reference. The '649 Patent was assigned to Plaintiff on January 16, 2002 by an Assignment that was recorded in the United States Patent and Trademark Office on June 4, 2002, at Reel 012946, Frame 0767. The '649 Patent is, and at all relevant times in the past has been, in full force and effect. The '649 Patent discloses and claims a ball throwing machine with at least three coacting wheels, a dynamic braking system for controlling the speed of each wheel, and a means for controlling the horizontal and vertical position of the power head. The combination of these mechanical features produces the ability of the ProBatter Simulator to deliver interchangeable pitches different as to type of pitch, location and speed of the pitch with less than a 10 second time lapse between pitches.

10. ProBatter is also the owner by assignment of 6,546,924 (the "'924 Patent") entitled "Ball Throwing Machine and Method for Profiling Pitches." The '924 Patent was based on patent application SN 776,659 which was filed on February 5, 2001 and was a continuation of patent application SN 259,722 filed on March 1, 1999. The '924 Patent was duly and legally issued on April 15, 2003 to Gregory J. Battersby et al. A true and correct copy of the '924 Patent

3

is attached hereto as Exhibit B and incorporated herein by reference. The '924 Patent was assigned to Plaintiff on January 16, 2002 by an Assignment that was recorded in the United States Patent and Trademark Office on June 4, 2002, at Reel 012946, Frame 0767. The '924 Patent is, and at all relevant times in the past has been, in full force and effect. The '924 Patent discloses and claims a ball throwing machine with at least one propulsion motor and dynamic braking capability of at least one propulsion motor which produces a rapid change in the delivery of different types of ball pitches so that less than 10 seconds passes between pitches.

14. Upon information and belief, the Home Plate machine marketed and sold by Sports Tutor infringes one or more claims of ProBatter's '649 and '924 Patents.

15. ProBatter has properly marked its products with appropriate patent numbers as provided for under 35 U.S.C. Section 287. Moreover, on or about August 19, 2003, ProBatter's counsel provided Defendant Sports Tutor with copies of its entire patent portfolio, including the '649 and '924 Patents.

16. Defendant Sports Tutor has, therefore, willfully, deliberately and wantonly engaged in acts of infringement of the '649 and '924 Patents and such acts of infringement will continue unless enjoined by this Court according to 35 U.S.C. § 283.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT AGAINST DEFENDANT SPORTS TUTOR

17. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 as though fully set forth herein.

18. Upon information and belief, Sports Tutor has infringed the '649 and '924 Patents by manufacturing, using, distributing, offering for sale and/or selling the Home Plate pitching machine in violation of 35 U.S.C. § 271(a).

19. Upon information and belief, Defendants actions were undertaken with full knowledge of the '649 and '924 Patents and in willful disregard and willful infringement thereof.

20. By such wrongful acts, Defendant has, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff, including diversion of customers, lost sales and lost profits.

21. Plaintiff is without an adequate remedy at law.

22. Plaintiff seeks both monetary damages and injunctive relief for the aforementioned acts.

## SECOND CAUSE OF ACTION
## CONNECTICUT UNFAIR TRADE PRACTICES ACT

23. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 and 18 through 22 as though fully set forth herein.

24. Sports Tutor's aforementioned acts constitute unfair competition and an unfair trade practice pursuant to §§42-110a, *et seq.*

25. Plaintiff has been damaged by Defendant's aforementioned acts.

26. Plaintiff seeks monetary damages and attorneys' fees for Defendant's aforementioned acts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

(A)  Adjudicating that Defendant has infringed the '649 and '924 Patents;

(B)  Permanently enjoining Defendant, its affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including

(C) Awarding Plaintiff damages for infringement, together with pre-judgment and post-judgment interest;

(D) Adjudging that Defendants are willful infringers and trebling the aforesaid damages pursuant to 35 U.S.C. § 284;

(E) Adjudging that this case is exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

(F) Awarding Plaintiff its costs, expenses, disbursements and attorneys' fees incurred in connection with this action; and

(G) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 28, 2005

Respectfully submitted,

*/s/ Susan M. Schlesinger*

GRIMES & BATTERSBY, LLP
Edmund J. Ferdinand, III, Esq. (Bar No. 21287)
James G. Coplit, Esq.
Russell D. Dize, Esq. (Bar No. 23064)
Susan M. Schlesinger, Esq. (Bar No. 26625)
488 Main Avenue
Norwalk, Connecticut 06851-1008
(p) (203) 849-8300
(f) (203) 849-9300
schlesinger@gandb.com

Attorneys for Plaintiff
ProBatter Sports, LLC