UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROBATTER SPORTS, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1975 (VLB) |
| SPORTS TUTOR, INC., | : | |
| Defendant. | : | September 24, 2007 |

**MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT [DOC. #72]**

The plaintiff, ProBatter Sports, LLC ("ProBatter"), brought this action against the defendant, Sports Tutor, Inc. ("Sports Tutor"), for patent infringement and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes §§ 42-110a, et seq. Sports Tutor now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss ProBatter's CUTPA count for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement of the CUTPA claim pursuant to Federal Rule of Civil Procedure 12(e). For the reasons hereinafter set forth, the motion is DENIED.

The complaint alleges: "Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has committed acts of unfair methods of competition or unfair trade practices by trade disparagement." [Doc. #71] It then specifies eleven distinct forms of conduct allegedly constituting

1

trade disparagement in violation of CUTPA, each allegedly committed by "Sports Tutor, or an individual acting on its behalf or for its benefit."

Sports Tutor's motion to dismiss or for a more definite statement does not contest that the alleged facts can constitute a violation of CUTPA.  The only basis for its motion is that disjunctively including "an individual acting . . . for [Sports Tutor's] benefit," but not necessarily at Sports Tutor's direction, as a person whose actions may create liability for Sports Tutor under the complaint fails to put Sports Tutor on sufficient notice as to the nature of ProBatter's CUTPA claim.  Sports Tutor is unable to defend itself because the alleged CUTPA infringing activities could have been committed by Sports Tutor or someone else.  As such, count two of the complaint should either be dismissed or clarified in an amended pleading.

## I.  Rule 12(b)(6) Motion to Dismiss

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff."  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotation omitted).  The

pleading shall not be dismissed merely because recovery seems remote or unlikely.  Bernheim, 79 F.3d at 321.

Sports Tutor does not contest that if the facts alleged in the complaint, taken as true, were committed by Sports Tutor itself they would constitute a CUTPA violation for which it would be held liable.  It is also undisputed that the same acts committed by an individual acting on Sports Tutor's behalf would yield similar results.

ProBatter has pleaded facts that can amount to a CUTPA violation by Sports Tutor, and has stated a CUTPA claim upon which relief can be granted.  Accordingly, drawing all reasonable inferences in favor of ProBatter, the motion to dismiss must be DENIED.

## II.  Rule 12(e) Motion for a More Definite Statement

Rule 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e).  A motion for a more definite statement should not be granted if the allegations in the complaint comply with Rule 8.  Pullen v. Northstar Presidio Mgmt. Co., LLC, 1998 U.S. Dist. LEXIS 15983 at *3 (D. Conn. Sep. 11, 1998).  The notice pleading requirement of Rule 8 is satisfied by a simple "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

"Rule 12(e) motions are generally disfavored because of their dilatory

effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." Zuppe v. Elite Recovery Servs, Inc., 2006 U.S. Dist. LEXIS 432 at *3 (D. Conn. Jan. 5, 2006) (internal quotation and citation omitted). Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process. Pullen, 1998 U.S. Dist. LEXIS 15983 at *3; Vaden v. Lantz, 459 F. Supp. 2d 149, 151 (D. Conn. 2006).

The complaint identifies with specificity the conduct ProBatter alleges violated CUTPA. It further alleges a connection between Sports Tutor and each instance of allegedly illegal conduct. As such, the complaint meets the pleading requirements of Rule 8.

Sports Tutor's motion for a more definite statement seeks greater detail in the complaint regarding the causal link between the company and the alleged actions. That level of detail is not required by Rule 8, and is not properly sought through a Rule 12(e) motion. See Zuppe, 2006 U.S. Dist. LEXIS 432 at *3-5 (denying Rule 12(e) motion where complaint alleged that the defendant's statutory violations "include, but are not limited to" certain conduct). Therefore, the motion for a more definite statement must also be DENIED. Sports Tutor will have ample opportunity to investigate the factual basis of ProBatter's CUTPA claim through discovery.

Based on the foregoing, Sports Tutor's motion to dismiss or, in the alternative, for a more definite statement is DENIED. Sports Tutor shall respond

4

to the complaint within twenty one days of issuance of this order.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: September 24, 2007.