UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROBATTER SPORTS, LLC,<br><br>                        Plaintiff,<br><br>- against –<br><br>SPORTS TUTOR, INC.,<br><br>                        Defendant. | Civil Action No.<br>3:05-CV-01975-SRU<br><br><br>October 15, 2007 |

**SPORTS TUTOR'S ANSWER TO PROBATTER'S
AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, SPORTS TUTOR, INC. ("Sports Tutor"), by and through its attorneys of record, hereby responds as follows to the correspondingly-numbered paragraphs of the Amended Complaint of Plaintiff ProBatter Sports, LLC ("Plaintiff" or "ProBatter"), and further interposes its Affirmative Defenses to the Amended Complaint:

**INTRODUCTION**

1.      This is an action in law and equity for patent infringement and related claims arising out of Defendant's infringement of Plaintiff's U.S. Patent Nos. 6,182,649 (the "'649 Patent") and 6,546,924 (the "'924 Patent"), in violation of the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 281-285.

      Answer:      Sports Tutor admits the Plaintiff is suing Sports Tutor for patent infringement under the recited sections, but denies any patent infringement or other unlawful conduct on its part.

1

## PARTIES

2.      Plaintiff Probatter Sports, LLC ("Probatter") is a Connecticut Limited Liability company having an address and principal place of business at Old Gate Lane, Milford, Connecticut 06460.

<u>Answer</u>:     Sports Tutor admits the allegations of paragraph 2 of the Plaintiff's Amended Complaint.

3.      Upon information and belief, Defendant Sports Tutor, Inc. ("Sports Tutor") is a California corporation having an address and principal place of business at 3300 Winona Avenue, Burbank, California 91504.

<u>Answer</u>:     Sports Tutor admits the allegations of paragraph 3 of the Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the Connecticut Unfair Trade Practices Act claim pursuant to 28 U.S.C. § 1367.

<u>Answer</u>:     Sports Tutor admits the allegations of paragraph 4 of the Plaintiff's Amended Complaint.

5.      This Court has personal jurisdiction over the Defendant Sports Tutor by virtue of the fact that, upon information and belief, Defendant Sports Tutor: (1) regularly solicits business in this state; (2) has advertised, offered for sale and has sold a product that literally infringes one or more claims of the '134 and '512 Patents in this judicial district and elsewhere; and (3) has, committed acts of unfair competition in this judicial district and elsewhere.

<u>Answer</u>:	Sports Tutor admits this Court has personal jurisdiction over it, but otherwise denies the allegations of paragraph 5 of the Plaintiff's Amended Complaint.

6.	Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

<u>Answer</u>:	Sports Tutor admits venue is proper, but denies paragraph 6 of the Plaintiff's Amended Complaint to the extent it asserts any patent infringement by Sports Tutor.

## FACTS COMMON TO THE COUNTS

7.	Plaintiff is the owner of all rights in and to a unique baseball video pitching simulator (the "ProBatter Simulator") that features a three-wheel pitching machine, a computer control and a video display.  The ProBatter Simulator includes a unique throwing head that can throw virtually any type of pitch on an interchangeable basis to various locations at speeds of between 50 and 100 MPH in any sequence while displaying a video image of a life-size pitcher on a projection screen.  The batter sees the pitcher on the screen wind up and as he's about to throw, a real baseball is propelled through the screen by the throwing head toward the batter.  The video image of the pitcher is synchronized with the release of the baseball so it appears as if the pitcher is actually throwing the ball.  A computer touch screen is used to select preprogrammed sequences of pitches or a specific pitch.

<u>Answer</u>:	Sports Tutor admits that the Plaintiff markets a programmable three-wheel video pitching machine that throws various pitches at certain selected speeds.  Sports Tutor otherwise denies the allegations of paragraph 7 of Plaintiff's Amended Complaint.

8.	Plaintiff introduced its ProBatter Simulator at the Major League Baseball Winter Meetings in Anaheim, CA, in December, 1999 and, since then, has installed more than 120 units of various ProBatter products throughout the United States and in Japan.  ProBatter Simulators are used by a number of Major League Baseball teams and players, including the Boston Red

3

Sox, Cleveland Indians, New York Mets, college teams and commercial batting cages and training centers throughout the United States.

<u>Answer</u>:   Sports Tutor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Plaintiff's Amended Complaint, and accordingly denies such allegations.

9.   The ProBatter Simulator is the subject of a number of U.S. Patents owned by Plaintiff, including United States Patent No. 6,182,649 (the "'649 Patent"), entitled "Ball-Throwing Machine," for which a patent application was filed on March 1, 1999 and for which a patent was duly and legally issued on February 6, 2001 to Gregory J. Battersby et al. A true and correct copy of the '649 Patent is attached hereto as Exhibit A and incorporated herein by reference. The '649 Patent was assigned to Plaintiff on January 16, 2002, by an Assignment that was recorded in the United States Patent & Trademark Office on June 4, 2002, at Reel 012946, Frame 0767. The '649 Patent is, and at all relevant times in the past has been, in full force and effect. The '649 Patent discloses and claims a ball throwing machine with at least three coacting wheels, a dynamic braking system for controlling the speed of each wheel, and a means for controlling the horizontal and vertical position of the power head. The combination of these mechanical features produces the ability of the ProBatter Simulator to deliver interchangeable pitches different as to type of pitch, location and speed of the pitch with less than a 10 second time lapse between pitches.

<u>Answer</u>:   Sports Tutor admits that the '649 Patent is entitled "Ball Throwing Machine," admits that the '649 Patent was applied for in an application dated March 1, 1999, admits that the '649 Patent issued on February 6, 2001 naming Gregory J. Battersby et al. as inventors, admits that a true and correct copy of the '649 Patent is attached as Exhibit A to

4

Plaintiff's Amended Complaint and admits that an assignment of the '649 Patent to Plaintiff is of record in the U.S. Patent & Trademark Office. Sports Tutor denies that the '649 Patent was duly and legally issued, and denies that the '649 Patent is in full force and effect. As for all remaining allegations of paragraph 9 of Plaintiff's Amended Complaint, Sports Tutor is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly denies such allegations.

10.     ProBatter is also the owner by assignment 6,546,924 (the "'924 Patent"), entitled "Ball Throwing Machine and Method for Profiling Pitches." The '924 Patent was based on patent application SN 776,659 which was filed on February 5, 2001 and was a continuation of patent application SN 259,722 filed on March 1, 1999. The '924 Patent was duly and legally issued on April 15, 2003 to Gregory J. Battersby et al. A true and correct copy of the '924 Patent is attached hereto as Exhibit B and incorporated herein by reference. The '924 Patent was assigned to Plaintiff on January 16, 2002 by an Assignment that was recorded in the United Stated Patent and Trademark Office on June 4, 2002, at Reel 012946, Frame 0767. The '924 Patent is, and at all relevant times in the past has been, in full force and effect. The '924 Patent discloses and claims a ball throwing machine with at least one propulsion motor and dynamic braking capability of at least one propulsion motor which produces a rapid change in the delivery of different types of ball pitches so that less than 10 seconds passes between pitches.

<u>Answer</u>:     Sports Tutor admits that the '924 Patent is entitled "Ball Throwing Machine and Method for Profiling Pitches," admits that the '924 Patent was applied for in an application filed February 5, 2001, admits that the application for the '924 Patent purports to be a continuation of patent application SN 259,722 filed on March 1, 1999, admits that the '924 Patent issued on April 15, 2003 naming Gregory J. Battersby et al. as inventors, admits that an

assignment of the '924 Patent to Plaintiff is of record in the U.S. Patent & Trademark Office, and admits that a true and correct copy of the '924 Patent is appended as Exhibit B to Plaintiff's Amended Complaint. Sports Tutor denies that the '924 Patent was duly and legally issued, and denies that the '924 Patent is in full force and effect. As for all remaining allegations of paragraph 10 of Plaintiff's Amended Complaint, Sports Tutor is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly denies such allegations.

14[*sic*, there are no paragraphs 11-13 set forth in the Amended Complaint]. Upon information and belief, the Home Plate machine marketed and sold by Sports Tutor infringes one or more claims of ProBatter's '649 and '924 Patents.

      <u>Answer</u>:    Denied.

15. ProBatter has properly marked its products with appropriate patent numbers as provided for under 35 U.S.C. Section 287. Moreover, on or about August 19, 2003, ProBatter's counsel provided Defendant Sports Tutor with copies of its entire patent portfolio, including the '649 and '924 Patents.

      <u>Answer</u>:    Sports Tutor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Amended Complaint, and accordingly denies such allegations.

16. Defendant Sports Tutor has, therefore, willfully, deliberately and wantonly engaged in acts of infringement of the '649 and '924 Patents and such acts of infringement will continue unless enjoined by this Court according to 35 U.S.C. § 283.

      <u>Answer</u>:    Denied.

17. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has committed acts of unfair methods of competition or unfair trade practices by trade disparagement.

Answer: Denied.

18. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that ProBatter products are not manufactured under adequate quality controls.

Answer: Denied.

19. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that ProBatter products are substandard.

Answer: Denied.

20. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that ProBatter products are not capable of performing as represented by ProBatter.

Answer: Denied.

21. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that ProBatter does not honor the warranty given with its products.

Answer: Denied.

22.     Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that a ProBatter customer was required to pay for repair work on a ProBatter product during the first year of ownership of such product that was covered by ProBatter's warranty.

<u>Answer</u>:     Denied.

23.     Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that excessive maintenance is required for ProBatter's products.

<u>Answer</u>:     Denied.

24.     Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that repair work in the amount of ten thousand dollars ($10,000.00) was required for a ProBatter product during the first year of ownership of such product.

<u>Answer</u>:     Denied.

25.     Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that the quality and features of ProBatter's products are not equal to the quality and features of the products sold by the Defendant.

<u>Answer</u>:     Denied.

26. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that the quality and features of ProBatter's products are inferior to the quality and features of the products sold by the Defendant.

Answer:    Denied.

27. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, that ProBatter products are being sold at an exorbitant price.

Answer:    Denied.

28. Upon information and belief, Sports Tutor, or an individual acting on its behalf or for its benefit, has made false statements to potential customers, customers, members of the trade and the industry at large, namely, statements maligning the quality of the baseballs sold by ProBatter for use in conjunction with its products.

Answer:    Denied.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT AGAINST DEFENDANT SPORTS TUTOR

29. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 28 as though fully set forth herein.

Answer:    Sports Tutor repeats and realleges its Answers to paragraphs 1 through 28 of the Plaintiff's Amended Complaint as though fully set forth herein.

30. Upon information and belief, Defendant Sports Tutor has infringed the '649 and '924 by manufacturing, using, distributing, offering for sale and/or selling the Home Plate pitching machine in violation of 35 U.S.C. § 271(a).

<u>Answer</u>:	Sports Tutor admits that it has manufactured, used, offered for sale and sold its HomePlate pitching machine, but denies all other allegations of paragraph 30 of Plaintiff's Amended Complaint.

31.	Upon information and belief, Defendants actions were undertaken with full knowledge of the '649 and '924 Patents and in willful disregard and willful infringement thereof.

<u>Answer</u>:	Denied.

32.	By such wrongful acts, Defendant has, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff, including diversion of customers, lost sales and lost profits.

<u>Answer</u>:	Denied.

33.	Plaintiff is without an adequate remedy at law.

<u>Answer</u>:	Denied.

34.	Plaintiff seeks both monetary damages and injunctive relief for the aforementioned acts.

<u>Answer</u>:	Sports Tutor admits that Plaintiff's Amended Complaint seeks monetary damages and injunctive relief for alleged patent infringement, but Sports Tutor denies any such infringement and denies that Plaintiff is entitled to any such remedies.

## SECOND CAUSE OF ACTION
## CONNECTICUT UNFAIR TRADE PRACTICES ACT

35.	Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 28 and 30 through 34 as though fully set forth herein.

<u>Answer</u>:	Sports Tutor repeats and realleges its Answers to paragraphs 1 through 28 and 30 through 34 of the Plaintiff's Amended Complaint as though fully set forth herein.

36. Sports Tutor's aforementioned acts, or the aforementioned acts of an individual acting on Sports Tutor's behalf or for its benefit, constitute unfair methods of competition or unfair trade practices pursuant to Connecticut General Statutes §§42-110a, *et seq*.

<u>Answer</u>:   Denied.

37. Plaintiff has been damaged by such aforementioned acts.

<u>Answer</u>:   Denied.

38. Plaintiff seeks monetary damages and attorneys' fees for such aforementioned acts.

<u>Answer</u>:   Sports Tutor admits that Plaintiff's Amended Complaint seeks monetary damages and attorneys' fees for alleged unfair trade practices, but denies any such practices and denies that Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

37. Sports Tutor asserts the following Affirmative Defenses to the claims of Plaintiff's Amended Complaint:

### First Affirmative Defense

38. As a result of actions taken and statements made by and on behalf of the alleged inventors and Plaintiff before the United States Patent and Trademark Office in prosecution of the '\'649 and '924 patents-in-suit, the Plaintiff is estopped from asserting claims for patent infringement against Sports Tutor.

### Second Affirmative Defense

11

39. Each of the '649 and '924 patents-in-suit is invalid under one or more of the provisions of 35 U.S.C. § 102 for lack of novelty, or under 35 U.S.C. § 103, in that the alleged inventions would have been obvious to a person of ordinary skill in the art.

### Third Affirmative Defense

40. Based on information and belief, each of '649 and '924 patents-in-suit is invalid under one or more of the provisions of 35 U.S.C. § 112.

### Fourth Affirmative Defense

41. The existence of prior art precludes the claims of the '649 and '924 patents-in-suit from being accorded a scope which would cover any product made, used, sold or offered for sale by Sports Tutor.

### Fifth Affirmative Defense

42. Each of the '649 and '924 patents-in-suit is invalid under 35 U.S.C. § 102(g) because the claimed inventions thereof were made by another in the United States who had not abandoned, suppressed or concealed such inventions before the alleged inventions by the applicants for the '649 and '924 Patents.

### Sixth Affirmative Defense

43. Plaintiff has licensed and acquiesced in Sports Tutor's actions by encouraging others, including Plaintiff's own customers, to buy Sports Tutor's HomePlate pitching machine for use with ProBatter video equipment and by covenanting not to sue Joyner Technologies, Inc. and its customers under the patents in suit when they use Sports Tutor's HomePlate pitching machine, and Plaintiff is estopped from asserting its patent claims as set forth in its Amended Complaint.

WHEREFORE, Sports Tutor prays:

    A.    That the Court dismiss Plaintiff's Amended Complaint;

    B.    That the Court declare this an exceptional case under 35 U.S.C. §285 and award to Sports Tutor, as the prevailing party, its attorneys' fees and expenses in defending the action;

    C.    That the Court award to Sports Tutor, as the prevailing party, its costs in the action; and

    D.    That the Court grant Sports Tutor such other or further relief as deemed just and equitable under the circumstances.

Respectfully submitted,

*/s/ Carrie A. Hanlon*

| | |
|---|---|
| John C. McNett (phv01129) | William J. Speranza (ct 08165) |
| Quentin Cantrell | Carrie A. Hanlon (ct 26254) |
| WOODARD, EMHARDT, MORIARTY, MCNETT & HENRY LLP | WIGGIN and DANA LLP |
| 111 Monument Circle, Suite 3700 | 400 Atlantic Street |
| Indianapolis, Indiana 46204-5137 | Stamford, Connecticut 06901 |
| Tel: (317) 634-3456 | Tel: (203) 363-7600 |
| Fax: (317) 637-7561 | Fax: (203) 363-7676 |
| email: jmcnett@uspatent.com | email: wsperanza@wiggin.com |
| | chanlon@wiggin.com |

*Attorneys for Defendant Sports Tutor*

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007, a copy of the foregoing **SPORTS TUTOR'S ANSWER TO PROBATTER'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: October 15, 2007.

Carrie A. Hanlon
chanlon@wiggin.com
Wiggin and Dana LLP
400 Atlantic Street
Stamford, Connecticut 06901
Tel: (203) 363-7600
Fax: (203) 363-7676

\18140\1\137028.1