UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROBATTER SPORTS, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1975 (VLB) |
| SPORTS TUTOR, INC., | : | |
| Defendant. | : | March 17, 2008 |

**MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE [DOC. #50]**

Presently before the court in this patent infringement case is the defendant's motion for summary judgment based on the invalidity of the plaintiff's patents. By way of agreement between all parties and the court, discovery in this case was preliminarily limited to the topic of the potential invalidity of the plaintiff's patents at issue, based on the public use or offer of sale of a previous version of its invention, pursuant to 35 U.S.C. § 102(b). The agreement was reached so that the court could consider this early motion for summary judgment and possibly preserve the resources of the parties and the court. Should the motion be denied, the parties agreed to resume discovery as to all claims in the complaint. [Doc. #41]

The motion for summary judgment is DENIED, without prejudice. The parties dispute nearly every issue of fact material to a finding of the patent's validity. By way of example, the defendant claims, via affidavit of the salesman involved, that a version of a baseball pitching machine was offered for sale to the

1

Villanova University baseball team in such a manner that would invalidate the plaintiff's patents.  In response, the plaintiff submits the affidavit of the head coach of that team stating that he has no personal knowledge of the offer.  As the defendant notes, the coach's statement does not mean that no other coach, administrator or equipment manager associated with the team could have fielded the offer.  However, it points to no other identifiable individual which actually received the offer.  It would be improper for the court to grant summary judgment based on such facts in dispute.  See Fed. R. Civ. P. 56(c).

This and other issues of disputed fact could be resolved through the already planned resumption of discovery upon denial of this motion.  The current motion is denied without prejudice in order to afford the parties the opportunity to revisit the currently disputed issues of fact through continued discovery.  This order is not an endorsement of the defendant's position.  The defendant is encouraged not to simply re-file this motion based on the same set of facts.  However, should the parties resolve the factual disputed issues germane to the issue of patent invalidity, the court will consider a renewed argument for summary judgment at the appropriate time.  In particular, the court would find useful facts clarifying:  1) the content, form and nature of any display at the 1996 "Super Show;" 2) the contents and nature of the sale from Crown Manufacturing to Master Sports; 3) the form and recipient of the offer of sale to the Villanova baseball team; 4) the circumstances surrounding the display to highschool baseball coaches on Long Island; and 5) the basis for the defendant's claims that

the existing version of the machine that would invalidate the plaintiff's patents is virtually the same as the one offered for sale in 1996.

The parties shall convene for the purpose of discussing and file on or before April 11, 2008, a revised Rule 26(f) report. In agreeing on a proposed case management schedule, the parties shall consider the age of this case and the discovery already conducted in this and the related case pending in Iowa. Jury selection in this case will be set for October 7, 2008.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: March 17, 2008.