UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROBATTER SPORTS, LLC,  :<br>    *Plaintiff*,                         : | CIVIL CASE NUMBER: |
| v.                            : | 3:05-cv-01975-VLB |
| SPORTS TUTOR, INC.,      : <br>    *Defendant*.               : | March 22, 2016 |

## MEMORANDUM OF DECISION

Plaintiff ProBatter Sports, LLC ("ProBatter") brings this patent infringement action against Defendant Sports Tutor, Inc. ("Sports Tutor"). ProBatter alleges that Sports Tutor's machines infringe on claims 1–5, 7–12, 25–27, and 31 of United States Patent Number 6,182,649 (the "'649 Patent") and claim 1 of United States Patent Number 6,546,924 (the "'924 Patent"). Sports Tutor moves for summary judgment, arguing that all claims at issue are invalid for obviousness. For the following reasons, the Court DENIES the motion for summary judgment.

## LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587

1

(1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

## ARGUMENTS ASSERTED IN BRIEFING

Sports Tutor argues that ProBatter's patents are invalid because dynamic braking had been used on pitching machines prior to the filing of the patents at issue. ECF No. 293 at 9–17. Sports Tutor relies on three machines not considered by the Patent Office: (1) a baseball pitching machine named the MatchMate Coach Ultimate, which will be referred to here as the Scott Machine; (2) a tennis ball pitching machine named the Playmate Genie, which will be referred to here as the Metaltek Machine; and (3) a baseball pitching machine named the Program-A-Pitch, which will be referred to here as the WNAN Machine. *Id.* Sports Tutor asserts that all three of these machines used dynamic braking and were sold, demonstrated publicly, or both sold and demonstrated before ProBatter filed its patent applications. *Id.*

ProBatter opposes on the grounds that: (1) the Court should consider certain factors that may tend to support a finding of non-obviousness, including the failure of others in the industry to solve the inability to quickly throw pitches of different speeds; (2) the alleged prior machines were not actually offered for sale or in use in such a way to trigger the statutory "on-sale bar" prior to the filing of ProBatter's patent; (3) the machines named by defendant did not use dynamic braking; (4) defendant has fabricated certain evidence regarding the

Scott Machine; (5) post-discovery evidence regarding the WNAN Machine should be excluded; (6) declarations regarding the WNAN Machine are inadmissible because they are uncorroborated by documentary or physical evidence; (7) there is no evidence that the WNAN Machine used dynamic braking; (8) post-discovery evidence regarding the Metaltek Machine should be excluded; (9) resistive braking as described by defendants in their motion is not included in the definition of "dynamic braking"; and (10) the Metaltek Machine could not have used dynamic braking.  ECF No. 307.

## CONCLUSIONS OF LAW

I.   Sports Tutor's Local Rule 56(a)1 Statement

District of Connecticut Local Rule of Civil Procedure 56(a)1 requires the moving party to submit a document entitled "Local Rule 56(a)(1) Statement" in which the party sets forth "in separately numbered paragraphs . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  D. Conn. L. R. 56(a)(1).  Local Rule 56 requires that "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

Sports Tutor's Rule 56(a)1 Statement does not meet the requirements of Local Rule 56.  Instead of providing a concise statement of a material fact, followed by a citation to the record demonstrating support for the asserted fact, nearly every asserted "fact" in Sports Tutor's 56(a)(1) Statement is a lengthy

quotation from a witness declaration or a deposition transcript. For example, paragraph 21 reads as follows:

> In his August 12 declaration, Yarur testified:
>
> 5. Since in or about 1985, I have served as President of MetalTek. Prior to 1985, I was responsible for all engineering for the company. Once I became President, I additionally assumed all duties of the principal executive officer of the company including the general supervision and control of the company's business and affairs.

ECF No. 294 at ¶ 21.

In opposition, ProBatter states only: "Admitted solely to the extent that the stated paragraph is a portion of the text from the pages cited." ECF No. 309 at ¶ 21. ProBatter's response rings of gamesmanship, but Sports Tutor's 56(a)1 Statement requires nothing more of ProBatter than to admit or deny that Mr. Yarur's declaration contains the quoted passage. The "fact" asserted in the example is nothing more than the content of the declaration of Mr. Yarur. Nearly all of Sports Tutor's 56(a)1 Statement is written in this nonsensical fashion. Even if the Court wanted to overlook this error, some of Sports Tutor's alleged "facts" are nearly page-long excerpts from witness declarations and depositions. *See, e.g.*, ECF No. 294 at ¶¶ 34-36. To determine whether there were any material undisputed facts, the Court would have to parse the lengthy quotations in each paragraph of the 56(a)1 Statement, determine which facts are material, and then determine from the record whether the facts are undisputed. Given the volume of material the parties have filed in regards to this material, such an exercise would require the Court to expend an impossible amount of time and effort.

"In this Circuit, a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion." *Tross v. Ritz Carlton Hotel Co.*, 928 F.Supp.2d 498, 503-04 (D. Conn. 2013) (citing *Tota v. Bentley*, 379 F. App'x 31, 32–22 (2d Cir. 2010)). In *Tross*, Judge Hall denied defendants' motion for summary judgment where they failed to include a Rule 56(a)(1) statement.  The defendants in *Tross* argued that the citations in their moving papers satisfied the requirements of Local Rule 56, but Judge Hall noted that adopting defendants' reasoning would "require the [plaintiffs] to mine the defendants' papers and identify statements to admit or deny for purposes of their Local Rule 56(a)(2) Statement." *Id.* at 503.

Sports Tutor has provided a Rule 56(a)1 Statement, but the statement is written in such a way that responding to the facts within would similarly require ProBatter and the Court to mine the papers and identify the relevant statements. Federal Rule of Civil Procedure 56 does not require a court "to perform an independent review of the record to find proof of a factual dispute."  *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).  Sports Tutor's 56(a)1 Statement is unusable as written, and as a result, Sports Tutor has failed to establish material undisputed facts sufficient to warrant a grant of summary judgment. *Cf. Tross*, 928 F.Supp.2d at 503–04; *Traylor v. Awwa*, 2014 U.S. Dist. LEXIS 20002, at *2 (D. Conn. Feb. 10, 2014) (denying plaintiff's motion for summary judgment where plaintiff failed to "present evidence showing that there is no genuine dispute of material fact and that facts as to which there is no genuine dispute show that he is entitled to judgment as a matter of law").

II.     **<u>Failure to Demonstrate Invalidity</u>**

"An issued patent is presumed to be valid, and the burden of establishing invalidity as to any claim of a patent rests upon the party asserting such invalidity." *Impax Labs v. Aventis Pharms., Inc.*, 468 F.3d 1366, 1378 (Fed. Cir. 2006) (citing 35 U.S.C. § 282). "Because patents are presumed valid, 'a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise.'" *Trimed, Inc. v. Stryker, Corp.*, 608 F.3d 1333, 1340 (Fed. Cir. 2010) (quoting *SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006)).

Patent law provides that "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a).[1]  "Whether the claimed subject matter would have been obvious at the time of invention to one of ordinary skill in the pertinent art is a question of law based on underlying facts." *Trimed*, 608 F.3d at 1341 (citing *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1348 (Fed. Cir. 2000)).

---

[1] Patents with an effective filing date earlier than March 16, 2013 are governed by the version of the statute that existed before it was modified by the Leahy-Smith America Invents Act (the "AIA"). *See, e.g., Chizmar v. Acco Brands Corp.*, 2015 U.S. Dist. LEXIS 67931, at *8 n.3 (S.D.N.Y. May 8, 2015) ("The pre-AIA version of the statute continues to govern the validity of patents with effective filing dates earlier than March 16, 2013." (citing Pub. L. No. 112-29, § 3(n)(1), 125 Stat. 284, 293 (2011))).

The relevant factual inquiry includes the following *Graham* factors: "(1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations."[2] *Trimed*, 608 F.3d at 1341 (quoting *Dystar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006)). "Summary judgment of obviousness is appropriate if 'the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *Trimed*, 608 F.3d at 1341 (quoting *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007)).

The Federal Circuit instructs that "[w]hen determining whether a patent claiming a combination of known elements would have been obvious, we 'must ask whether the improvement is more than the predictable use of prior art elements according to their established functions.'" *Trimed*, 608 F.3d at 1341 (quoting *KSR Int'l Co.*, 550 U.S. at 417). This is a factual inquiry. *Id.* (citation omitted). Resolving this factual inquiry "usually entails considering the 'interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.'" *Trimed*, 608 F.3d at 1341 (quoting *KSR Int'l Co.*, 550 U.S. at 418). The questions of "[w]hat a reference teaches, whether

---

[2] *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

there is a trend or demand in the relevant marketplace or design community, the background knowledge of one of skill in the art" are all reserved for the finder of fact. *Trimed*, 608 F.3d at 1341 (collecting cases).  These factual inquiries are not separate from the *Graham* factors, but rather "fall comfortably within those familiar categories of factual inquires." *Trimed*, 608 F.3d at 1341 (citation omitted).

Even if Sports Tutor had presented a valid Rule 56(a)1 Statement and there was no material dispute of fact regarding the content of the prior art, the Court could not grant summary judgment because Sports Tutor has introduced no evidence regarding the knowledge held by a person of ordinary skill in the art at the time of the relevant patent filing.  Further, Sports Tutor's memorandum of law does not contain any discussion of what background knowledge would have been held by a person of ordinary skill at the time the relevant patents were filed.  Sports Tutor's moving papers are completely silent on this issue.  Sports Tutor therefore has failed to carry their burden on summary judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Sports Tutor's motion for summary judgment.


IT IS SO ORDERED.

                                          _____/s/_____

                                          Hon. Vanessa L. Bryant
                                          United States District Judge

Dated at Hartford, Connecticut: March 22, 2016