**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **PROBATTER SPORTS, LLC,** *Plaintiff*, | : | **CIVIL CASE NUMBER:** |
| **v.** | : | **3:05-cv-01975-VLB** |
| **SPORTS TUTOR, INC.,** *Defendant*. | : | **March 23, 2016** |

**MEMORANDUM OF DECISION**

Plaintiff ProBatter Sports, LLC ("ProBatter") brings this patent infringement action against Defendant Sports Tutor, Inc. ("Sports Tutor"). The Court granted summary judgment on the question of infringement and thereafter conducted a five-day bench trial on the questions of invalidity and relief.[1] In its post-trial briefing, Sports Tutor argues that the Court should disregard all argument and evidence on damages because ProBatter failed to comply with its discovery obligations. This memorandum addresses only this argument, which raises three interrelated issues.

The first issue is whether ProBatter violated its discovery obligations. It did. ProBatter initially disclosed lost profits as the measure of damages. Nearly seven years later and long after the close of discovery, ProBatter disclosed reasonable royalty as the measure of damages. ProBatter first disclosed this correction in its proposed findings of fact and conclusions of law, submitted in conjunction with the joint trial memorandum. The correction was untimely.

[1] The Court addresses invalidity and injunctive relief in a separate memorandum of decision.

**ProBatter also failed to timely supplement its initial disclosure with its computation of damages. The computation of damages was disclosed several weeks after the parties filed their joint trial memorandum.**

**The second issue is whether these errors were harmless. They were not. American discovery prohibits trial by surprise, and ProBatter sandbagged Sports Tutor with its last minute disclosure of essential information on a material issue. Sports Tutor lacked sufficient time to analyze the damages evidence already in its possession, conduct discovery related to this evidence, or obtain an expert to challenge the reasonable royalty calculation. ProBatter's error forced Sports Tutor to cobble together a last-minute defense without the opportunity for discovery.**

**The third issue is whether excluding all evidence and argument on damages would be appropriate. Jurists of reason could disagree. ProBatter's callous disregard for the rules governing discovery prevented Sports Tutor from defending itself, and additional litigation unfairly deprives the hundreds of other litigants appearing before this Court of its limited time and resources—a substantial amount of which have already been invested in this litigation over the last decade. The Court, however, will not impose such a drastic sanction. Depriving a wronged litigant of its opportunity to potentially recover millions is simply too severe. The Court rules that justice would be best served by providing Sports Tutor with a short period for damages discovery and then reconsidering damages in light of this evidence.**

**PROCEDURAL BACKGROUND**

**The issues presented require a circumscribed review of this action's lengthy procedural history. ProBatter sought judicial assistance in December 2005. ECF No. 1. The filing of the complaint automatically triggered this District's standing order on pretrial deadlines. ECF No. 2. The parties were ordered to complete discovery by June 2006 unless their Federal Rule of Civil Procedure 26(f) Report ("Rule 26(f) Report") proposed a different schedule and was approved by the Court. *Id.* The parties shirked their duty to timely file a Rule 26(f) Report, but the Court extended the deadline *sua sponte* and ordered one filed by May 21, 2006. ECF No. 28.**

**On May 22, 2006, after the second deadline passed, the parties filed their first Rule 26(f) Report. ECF No. 34. The parties proposed conducting discovery in two phases. *Id.* at V.A. The first phase would deal with Sports Tutor's affirmative defense, and the second phase would deal with all other matters. *Id.* If the Court accepted the two-phased approach to discovery, the parties proposed staying the second phase until the Court ruled on Sports Tutor's motion for summary judgment. *Id.* The Court accepted the parties' proposed two-phased approach to discovery. ECF No. 41.**

**In September 2006, Sports Tutor moved for summary judgment, ECF Nos. 50, and in April 2007, briefing on that motion completed after the issuance of five extensions, ECF Nos. 61; 66; 70; 86; 108. In May 2007, the action was transferred to this Chambers, ECF No. 111, and the Court ordered the parties to file a joint status report, ECF No. 112. The parties disclosed that discovery was being**

**conducted in two phases, that the first phase of discovery had been completed, and that "the parties would require a revised scheduling order governing [the second phase of discovery], the exact nature and scope of which cannot yet be known." ECF No. 116. In March 2008, the Court denied Sports Tutor's motion for summary judgment without prejudice and ordered the parties to file a revised Rule 26(f) Report by April 2008. ECF No. 127.**

**In April and May 2008, the parties filed a second and third Rule 26(f) Report. ECF Nos. 130; 138. Neither Rule 26(f) Report proposed an agreed-upon schedule for conducting discovery. *Id.* Sports Tutor essentially proposed staying discovery pending the outcome of reexamination and in the alternative, to conduct discovery in two more phases. *Id.* The first phase of discovery would deal with *Markman* issues and commence immediately. *Id.* The second phase of discovery would deal with all other issues and would not be due until after the Court rendered its *Markman* decision. *Id.* ProBatter sought immediate discovery on all issues. *Id.* In the third Rule 26(f) Report, the parties agreed that ProBatter would "submit an initial assessment of *the legal basis for its damages* claims in the Rule 26(a)(1) Mandatory Disclosures." *Id.* (emphasis added).**

**In May 2008, after the parties filed their second and third Rule 26(f) Reports, the Court held a hearing with respect to attorney disqualification. ECF No. 152. During that hearing, the parties discussed discovery issues. *Id.* In relevant part, ProBatter's counsel stated:**

> **On damages we'll call a damages expert. In cases like these the Federal Circuit holds that the damages that are properly attributable are reasonable royalty of the defendant's sales. So we need to know two things. We need to know what their sales are and we need to**

> know what a reasonable royalty would be and the person to determine the reasonable royalty is also an expert witness.

*Id.* at 22:15–22. Counsel also noted that the parties had not agreed on a proposed scheduling order and that neither of the parties' conflicting proposed scheduling orders contained in their respective Rule 26(f) Reports had been approved. *Id.* at 40:16–21. The Court stated that it would enter its own scheduling order if the parties could not work something out by the end of the day. *Id.* at 42:5–7. The following day, the Court ordered discovery to commence immediately, set an August 2008 deadline for all fact discovery, made the expert reports due twenty-one days after the Court rendered its *Markman* decision, and set a trial date of October 2008. ECF No. 139.

The following discovery took place without court participation. In June 2008, ProBatter made the following initial disclosure with respect to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), it stated:

> ProBatter will likely provide an expert report on damages for its claims pursuant to Rule 26(a)(2) on or before the date when expert reports are due. ProBatter is seeking damages, costs and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285 for Sports Tutor's infringement . . . . Since ProBatter has no knowledge at this time of Sports Tutor's actual sales of its HomePlate machine, it is unable to calculate with any reasonable degree of certainty *its actual damages* but believes that its damages would be in excess of five million dollars, exclusive of attorneys' fees and costs.

ECF No. 354-2 at 3–4 (emphasis added). Sports Tutor then asked ProBatter to "[i]dentify and describe each sale that you lost that was caused by Defendant, including all facts upon which you rely to established that Defendants caused you to lose the sale." ECF No. 354-1. During a subsequent deposition of Gregory Battersby, ProBatter's counsel objected to a question concerning reasonable

**royalty, stating that "I don't believe it's been established that ProBatter is seeking royalties yet with respect to the home place machine." ECF No. 354-4 at 5 (.pdf pagination). The Court was not privy to any of these seemingly contradictory exchanges on damages and was not asked to resolve any disputes on damages.**

**In the midst of discovery, Sports Tutor moved "to reinstate the limited stay in effect during the summary judgment phase of the litigation"—that is, Sports Tutor requested to stay discovery except discovery concerning invalidity. ECF No. 155. In the alternative, Sports Tutor moved to stay all proceedings during the pendency of the reexamination proceedings. *Id.* "The motion [was] granted only concerning the *Markman* hearing scheduled for June 27, 2008, and the trial set for October 2008 . . . . The parties [were ordered to] complete all *fact* discovery by the previously set deadline of August 15, 2008," approximately two-and-one-half years after the case was filed. ECF No. 159 (emphasis added). In other words, the parties were permitted to conduct expert discovery, but expert disclosures were not due until 21 days after the Court rendered a *Markman* decision, which had no scheduled hearing date. The Court later denied Sports Tutor's motion for an extension of time to conduct fact discovery, and fact discovery closed in August 2008. ECF No. 169. In November 2008, the Court denied the pending motions for claim construction and summary judgment in light of the substantial new evidence produced, and it administratively closed the case pending reexamination. ECF No. 200.**

**In July 2012, the parties returned from reexamination, and the Court ordered the parties to file a joint status report. ECF No. 215. In August 2012, the**

**parties stated that "[t]he Court must determine the timing of expert discovery and trial on the issue of damages, and may wish to consider bifurcation." ECF No. 219. In April 2013, after resolving motions to disqualify and strike, the Court held a status conference and ordered the parties to submit a proposed scheduling order. ECF No. 219. At the status conference, the parties raised the possibility of reopening fact discovery, but the parties did not raise the subject of damages discovery. *See* ECF No. 240. During the conference, the Court admonished the parties for failing to work cooperatively:**

> **[ProBatter's Counsel]: I never made any statement like that. I'm not sure what my colleague is referring to.**
>
> **THE COURT: Well, when I say it was "murky", my point is that it really didn't seem to me like the parties had joined the issue. It was very difficult for me to discern where you were in disagreement, so it seemed as though you were each speaking a different language, in a sense, that you didn't specifically identify your point of departure.**

***Id.* at 14:15–21. In a subsequent proposed scheduling order, the parties suggested reopening fact discovery *in toto*, but they neither alerted the Court to the fact that they had failed to conduct fact discovery on damages, the deadline for which had long expired, nor did they show good cause. ECF No. 241.**

**In March 2014, the Court issued its *Markman* decision, vacated its expired scheduling order setting dispositive motion and trial deadlines, and scheduled a status conference. ECF Nos. 274; 275. During the status conference, the parties discussed reopening fact discovery but again did not discuss damages discovery or show good cause why in the exercise of due diligence the parties could not have complied with the Court's scheduling order. ECF No. 320. The Court then entered an amended scheduling order addressing only the dispositive motions**

**and trial deadlines. ECF No. 280. The parties later submitted proposed motions on reopening fact discovery again without showing why in the exercise of due diligence it could not have completed discovery in the time allotted. ECF Nos. 281; 284; 288; 289. The motions did not mention damages discovery. *Id.* ProBatter's counsel stridently opposed reopening discovery and proposed exclusion:**

> **Plaintiff is done chasing Defendant's ghosts all over America. It has been nine years. Enough. Defendant has had too many years to locate any relevant prior art; it has failed. If this is allowed to continue, Defendant will continue to trot out "newly found" machines which are totally irrelevant. Respectfully, a line must be drawn, no Special Master should be appointed, and all post-discovery evidence must be excluded.**

**ECF No. 288 at 6–7.**

**The parties requested another status conference in January 2015, and the Court scheduled one for February 2015. ECF No. 329; 331. The parties did not raise the subject of damages discovery at this conference. *Id.* The Court conducted another status conference in late February 2015. ECF No. 387. At this conference, the Court again admonished the parties for their failure to work together:**

> **You're colleagues, you know. This is a profession. You know, [counsel for Sport's Tutor] is your brother counsel and perhaps if, you know, we think of each other that way we can resolve some of these problems and represent our clients more efficiently and effectively.**

***Id.* at 17:12–17. The parties did not raise the subject of fact or expert discovery on damages. *See generally id.* The parties discussed additional discovery on the issue of prior art only, and the Court permitted additional discovery solely with**

**respect to prior art. *Id.* at 6:18–7:1, 12:17–13:5 The discovery period was reopened for this limited purpose because the parties showed good cause, namely the reluctance of non-party witnesses to be deposed and plaintiff's counsel's illness. *Id.* at 12:17–13:5. The Court referred the matter to a magistrate judge to assist the parties in averting any unnecessary delay. *Id.* The magistrate judge held a status conference and "ruled that with the exception of two *de bene esse* depositions, there will be no more discovery taken by parties at this time." ECF No. 388. ProBatter sought reconsideration, and the magistrate judge denied that motion. ECF No. 394.**

**In February 2015, the parties filed their joint trial memorandum, and ProBatter filed, in relevant part, its proposed findings of fact and conclusions of law. ECF No. 357; 357-7. ProBatter proposed that the Court find and conclude that it was entitled to a reasonable royalty, but the only findings and evidence concerned Sports Tutor's actual sales. ECF No. 357-7 at 82, 104 (.pdf pagination). When the joint trial memorandum was filed, trial was scheduled for April 2015. ECF No. 280**

**In conjunction with the joint trial memorandum, Sports Tutor moved to exclude all evidence or argument on damages because ProBatter had not disclosed its calculation of damages. ECF No. 354. ProBatter opposed Sport Tutor's motion *in limine*, arguing that it was prevented from disclosing its calculation of damages because Sports Tutor never supplemented its sales**

**information.[2] ECF No. 377. Despite this failure, ProBatter never filed a motion to compel disclosure of Sports Tutor's sales information. ProBatter spent the remainder of its 31-page motion discussing its calculation of damages, which it disclosed without the unidentified supplemental discovery *on March 6, 2015* and amended on *March 8, 2015*. *Id.* At the time the opposition was filed, trial had been continued to July 2015 at ProBatter's request for reasons unrelated to the discovery deficiency. ECF No. 387 at 12. ProBatter also moved to file an untimely motion to bifurcate the trial with respect to damages, informing the Court that it did not begin preparing for the damages portion of trial until after the parties submitted the joint trial memorandum. ECF No. 358. A magistrate judge denied Sports Tutor's motion to preclude damages evidence without prejudice to refiling at trial, ECF No. 414, and the Court denied the motion to file an untimely motion for bifurcation, ECF No. 417. Sports Tutor renewed its objection to argument and evidence on damages at a July pre-trial conference and once again at trial.[3] ECF Nos. 429 at 48:3–24; 455 at 19:22–23:7. The Court permitted**

**[2] A few brief observations. The argument is irrelevant. *See* Fed. R. Civ. P. 26(a)(1)(E). The argument is also confusing. How could marking a document "Attorney Eyes Only" shielded it from an attorney's eyes? Indeed, counsel ultimately reviewed this information. Further, counsel admits to not having considered the question of damages until after the submission of the JTM in February 2015, and at that time, trial was scheduled for April 2015. If counsel had prepared at any time before the eve the trial, he could have timely raised any issues. Third, the information Sports Tutor provided was either complete or unnecessary: ProBatter asserted that "Defendant claimed to have sent the supplemental damage discovery, but as of the date of this Response, Plaintiff has not received the supplement," but ProBatter managed to calculate damages without this supplement.**

**[3] At this conference, new counsel appeared for ProBatter. *See* ECF Nos. 393; 420; 421. These attorneys did not an excellent job at trial and in briefing the**

**ProBatter to introduce argument and evidence on damages but provided Sports Tutor with an opportunity to renew its objection in post-trial briefing. *Id.* at 61:13–62:3.**

**Sports Tutor again argues that the Court should preclude all argument and evidence on damages pursuant to Rule 37. ECF No. 464. Sports Tutor asserts that ProBatter violated the rules for initial and supplemental disclosure because it did not timely disclose reasonable royalty as the method for calculating damages or its calculation of damages. *Id.* at 2–4. Sports Tutor argues that this error is prejudicial because it prevented Sports Tutor from obtaining an expert or seeking discovery relating to the Joyner licensing agreement. *Id.* at 5–6.**

**ProBatter replies as follows. ECF No. 465. The advisory committee notes clearly explain that a party in a patent case usually cannot disclose its calculation of damages initially because the opposing party possesses information relevant to this calculation, and a party therefore need only articulate its method of calculating damages. *Id.* at ¶¶ 18, 19. ProBatter timely disclosed its method of calculating damages by citing to 35 U.S.C. § 284, the statute covering damages generally, including reasonable royalty. *Id.* at ¶ 15. Moreover, Sports Tutor knew that reasonable royalty would be at issue because it inquired about this method during the Battersby deposition. *Id.* at ¶¶ 20–22. Sports Tutor should have requested information on damages if it wanted that information. *Id.* at ¶ 23. Further, the failure to timely disclose is harmless: further inquiry of Joyner would bear no fruit, a damages expert was not essential, neither party had an**

---

**issues post-trial. Nothing in this memorandum should be construed to impugn their conduct or ability.**

**opportunity to consult an expert, and Sports Tutor had all the relevant evidence in its possession. *Id.* at ¶¶ 34–45. Finally, the failure to award damages is prohibited by statute. *Id.* at ¶ 28–33.**

**CONCLUSIONS OF LAW**

**The Federal Rules of Civil Procedure require a party to disclose "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Disclosure must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). However, as the advisory committee notes to the 1993 amendments observe, "[t]his obligation applies only with respect to documents then reasonably available to it . . . . [A] party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." In the Court's estimate, a damages analysis likely would be best undertaken after an order on claims construction because many material issues remain unresolved until that point. This is not to say, however, that all damages discovery is impossible until that point, and the parties never argued as much.**

**The parties filed their first Rule 26(f) Report in May 2006, and the Court approved that discovery plan, which stayed damages discovery until after the ruling on summary judgment. ProBatter therefore had no obligation to file its initial disclosure on damages at that time. In May 2008, the parties filed their second and third Rule 26(f) Reports. ECF Nos. 130; 138. In the third Rule 26(f) Report, ProBatter promised to "submit an initial assessment of the legal basis for**

**its damages claims in the Rule 26(a)(1) Mandatory Disclosures." ProBatter complied with its initial disclosure by disclosing the legal basis for its damages claims: "actual damages," i.e., lost profits. *See*, *e.g.*, *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983) ("If the record permits the determination of actual damages, namely, the profits the patentee lost from the infringement, that determination accurately measures the patentee's loss.").**

**ProBatter, however, did not comply with its initial disclosure obligations to the extent that it now asserts that it initially disclosed reasonable royalty as the method for calculating damages because the disclosure cited 35 U.S.C. § 284. The citation to Section 284 is of no moment because that statute provides the basis for all methods of calculating damages. *See* Chisum on Patents § 7-20 n.5 (collecting authority). The remainder of the initial disclosure explains the method for calculating damages: "ProBatter is unable to calculate with any reasonable degree of certainty *its actual damages*." Because "a patentee is entitled to either a reasonable royalty or lost profits—not both," *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1374 (Fed. Cir. 2015), *overruled on other grounds, Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 136 S.Ct. 893 (2016), the disclosure indicated that ProBatter sought lost profits, not reasonable royalty. The initial disclosure was therefore timely but incomplete and incorrect.**

**A party, however, is not bound by its initial disclosures. The Federal Rules of Civil Procedure provide that:**

> **A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or**

> **corrective information has not otherwise been made known to the other parties during the discovery process or in writing.**

**Fed. R. Civ. P. 26(e)(1)(A).**

**The relevant question for determining compliance is whether ProBatter timely corrected and supplemented its initial disclosure by articulating reasonable royalty as the method for calculating damages in its February 2015 proposed findings of fact and conclusions of law and by submitting its calculation of damages in March 2015. ProBatter failed to timely correct and supplement. It did not correct its method for calculating damages for nearly seven years and made the correction less than two months before trial was originally scheduled. *See Boyer v. Home Depot U.S.A., Inc.,* 2010 WL 1254847, at *4 (E.D.Mich. Mar. 26, 2010) (holding that defendant's supplemental disclosure on the eve of trial was untimely under Rule 26(e)). It did not provide a complete calculation of damages—indeed, never contemplated doing so—until after the joint trial memorandum had been submitted and discovery had closed. *See Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.,* 666 F.Supp.2d 820, 826–27 (N.D.Ohio 2009) (holding that defendant's supplemental disclosure of evidence three months after the close of fact discovery was untimely under Rule 26(e)).**

**The failure to disclose is excused when additional or corrective information was otherwise made known during the discovery process. ProBatter appears to suggest as much. In support, it relies on the Battersy deposition. But that deposition proves the exact opposite: ProBatter's counsel said that reasonable**

**royalty as a method for calculating damages was not at issue. The questions asked by Sports Tutor are irrelevant in light of that statement.[4]**

**ProBatter also tries to play the blame game. The Court will not engage. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures . . . because it challenges the insufficiency of another party's disclosures or because another party has not made disclosures."); Moore's Federal Practice § 126.131[3] (Matthew Bender 3d ed.) ("The duty to supplement and correct disclosures and responses is a continuing duty and no motion to compel further supplementation is required." (citing, *inter alia*, *Alldread v. City of Grenada*, 988 F.3d 1425, 1436 (5th Cir. 1993)), and ("A party may not escape the burden of full compliance with the rules of discovery by placing a duty of repeated requests on its advisory." (citing *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 77 (D. Mass. 2008)).**

**In light of ProBatters's failure to comply with its continuing duty to supplement and correct, the Court must decide whether the failure was substantially justified or harmless. The Federal Rules of Civil Procedure state:**

> **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.**

**[4] ProBatter does not argue that its assertion of reasonable royalty at a hearing prior to its initial disclosures constituted corrective process. Even if it had, the Court would not have been persuaded because the assertion was made *before* the initial disclosure. A party should be entitled to rely on the initial disclosure unless it is made clear *afterwards* that the disclosure was incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A).**

**Fed. R. Civ. P. 37(c)(1). ProBatter does not assert any justification for its errors. It only argues that there was no error, and the Court disagrees with that analysis. In any event, these errors lack justification.[5] ProBatter complained that Sport Tutor failed to supplement its sales information, but ProBatter, who bears the burden of production and proof on damages, did not use the procedural tools available to it to obtain a Court order to obtain the discovery it needed.**

**ProBatter asserts that any error was harmless because further inquiry of Joyner would bear no fruit, a damages expert was not essential, neither party had an opportunity to consult an expert, and Sports Tutor possessed all the relevant evidence. But holding these errors harmless would eviscerate the principles underlying American discovery: a party cannot defend itself unless it knows the factual and legal basis for attack and has the opportunity to conduct discovery to support its opposition. *EEOC v. Metro. Museum of Art*, 80 F.R.D. 317, 318 (S.D.N.Y. 1978) ("The purpose of discovery under the Federal Rules of Civil Procedure is to 'make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent' and to eliminate surprise and delay at trial."). Whether Sports Tutor possessed relevant evidence is irrelevant because ProBatter said the evidence would be**

**[5] ProBatter does assert that "neither party had the opportunity to disclose an expert." This is an incorrect reading of the procedural history. The Court did not close expert discovery until after the *Markman* decision. The Court's May 2013 order simply explained that *fact* discovery had been closed since 2008. Moreover, even assuming that the Court did prohibit expert discovery, ProBatter was free to request reconsideration of that ruling during the almost two-year period from May 2013 until February 2015. Indeed, ProBatter requested reconsideration of this Court's scheduling orders on many occasions. ProBatter neglected to mention damages discovery during one of its many motions and status conferences.**

**employed for a different purpose. ProBatter implicitly concedes that an expert would have been helpful: whether an expert was essential and whether one could have altered the outcome are separate and distinct questions. The fact that ProBatter chose to forgo the use of an expert does not prohibit Sports Tutor from relying on one. The details surrounding formation of the most analogous licensing agreement are certainly relevant to ascertaining the substantive outcome of a hypothetical negotiation between the parties.**

**Before awarding exclusion, the Court must consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."** ***Patterson v. Balsamico*****, 440 F.3d 104, 117 (2d Cir. 2006) (alterations omitted) (citing** ***Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,*** **118 F.3d 955, 961 (2d Cir. 1997)). Bad faith is not required before awarding exclusion, but "it can be taken into account as part of the party's explanation for its failure to comply."** ***Design Strategy, Inc. v. Davis*****, 469 F.3d 284, 296 (2d Cir. 2006).**

**ProBatter does not explain its failure to comply with the rules governing discovery. Indeed, it cannot. ProBatter's counsel admitted that he hadn't even considered the question of damages until after the submission of the joint trial memorandum. And as noted above, while ProBatter complained that Sports Tutor did not disclose its sales information, ProBatter did not use the procedural tools available to it to obtain discovery. The Court has no basis for imputing bad**

**faith, but this omission does not constitute mere negligence. The failure to provide an *initial* disclosure for almost a decade displays callous disregard for the rules governing discovery and the limited time and resources available to this Court. The Court afforded the parties considerable latitude during the entirety of this litigation—bifurcating discovery, granting extension after extension, holding multiple settlement conferences, and conducting numerous status conferences in an attempt to corral members of the bar when they refused to cooperate.**

**The importance of argument and evidence on damages cannot be gainsaid. Without it, ProBatter is not entitled to damages, despite being entitled to an injunction. The problem, however, is the stakes are high for both parties. The ability to defend against a multimillion-dollar assessment of damages is equally important to Sports Tutor as obtaining damages is to ProBatter. Sports Tutor simply could not defend itself without timely disclosure. It was left to cobble together a last-ditch defense, leaving ProBatter in a superior position. The Court cannot allow ProBatter to benefit from its failure.**

**Second chances are always possible, but further litigation is highly undesirable, especially in a case filed over a decade ago. The Federal Rules of Civil Procedure were designed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Additional litigation adds time and expense, and even without spawning further litigation, this action has been—by any definition—sluggish and needlessly costly. More importantly, another round of litigation prevents this Court from doing justice in the hundreds of other criminal and civil cases now pending. None of those**

**cases have required the time and energy demanded here. None of those cases are less important. The Court simply cannot sufficiently emphasize the damage inflicted on the entire judicial system when parties purposefully or even negligently protract litigation. Litigation is a necessary evil, not sport.**

**In light of these factors, the Court rules that it could exclude all evidence and argument concerning damages.[6] ProBatter's callous disregard for the rules governing discovery prejudiced Sports Tutor, and that prejudice outweighs any unfairness resulting from the sanction of exclusion. ProBatter made its bed. The Court would be justified in declining to invest more resources than already expended. "Indulgent toleration for the misconduct of lawyers and litigants is a luxury the overcrowded federal courts cannot afford."** ***Chism v. Nat'l Heritage Life Ins. Co.*****, 637 F.2d 1328, 1332 (9th Cir. 1981).**

**[6] ProBatter argues that 35 U.S.C. § 284 prohibits the Court from imposing a sanction explicitly authorized by Federal Rule of Civil Procedure 37. The point is moot in light of the Court's decision to impose a less drastic sanction. The Court is nevertheless unpersuaded that such a sanction would constitute legal error. ProBatter cites many cases, but none hold Rule 37 inapplicable. Indeed, ProBatter cites** ***Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*****, 637 F.3d 1269, 1285 (Fed. Cir. 2011), in which the Federal Circuit upheld the district court's imposition of a Rule 37(c)(1) sanction preventing expert testimony on the question of damages. Moreover, district courts have prevented the wholesale introduction of all evidence concerning reasonable royalties.** ***See*****,** ***e.g.*****,** ***Spin Master, Ltd. v. Zobmondo Entm't, LLC*****, 2012 WL 8134013, at *1 (C.D. Cal. June 18, 2012) ("As a sanction under Rule 37, the Court struck Plaintiffs' claims for corrective advertising and reasonable royalties."). Moreover, ProBatter relies on** ***Georgia-Pac. Corp. v. U.S. Plywood Corp.*****, 243 F.Supp. 500, 505 (S.D.N.Y. 1965), in which the court observed that "a patentee in a patent infringement action may waive any right to recover damages based upon a reasonable royalty." No binding authority prevents this Court from imposing the proposed sanction pursuant to Rule 37.** ***Cf. Chambers v. NASCO, Inc.*****, 501 U.S. 32, 66 (1991) ("[T]he Federal Rules of Civil Procedure are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rules' mandate than they do to disregard constitutional or statutory provisions." (citation and alterations omitted)).**

**The Court has given substantial and careful consideration to the drastic sanction suggested and has decided against it, despite falling well within the Court's discretion. Prohibiting a small business from recovering millions allegedly robbed from it, even when that business abused the discovery process, is simply too severe a sanction. The serious health problems suffered by ProBatter's trial preparation attorney also deserve consideration. His condition was understandably distracting and time consuming, and the Court considers this fact even though it does not entirely excuse him from providing competent representation. *See*, *e.g.*, Connecticut Practice Book Rule 1.16(a)(2) (observing that a lawyer must withdraw when his health prohibits him from competent representation).**

**The Court also considers the entirety of opposing party's conduct. Sports Tutor hasn't exactly played the mocking bird. The various and sundry defenses trotted out over the last eleven years contain valuable lessons in obfuscation. Sports Tutor was not without any warning that ProBatter had abandoned lost profits method of calculating damages. Instead of proposing exclusion, it could have requested a more equitable resolution such as reopening discovery in the months leading up to trial. Sports Tutor also could have been more forthcoming with respect to its disclosure of sales and the status of discovery on damages. Litigation may be an adversarial proceeding and the party seeking damages may bear the burden of production and proof, but all members of the bar have a duty to assure the integrity and fairness of our legal system and to avoid unjust results through omission or otherwise.**

**The Federal Rules of Civil Procedure thankfully afford courts "wide latitude in fashioning an appropriate sanction."** ***Monsanto Co. v. Ralph*****, 382 F.3d 1374, 1380 (Fed. Cir. 2004);** ***see*** **Fed. R. Civ. P. 37(c)(1)(C). All interests would be best served by providing Sports Tutor with two additional months to conduct discovery on damages. ProBatter will then have one month to oppose by conducting discovery only with respect to the new evidence. Barring exceptional circumstances, no extensions will be granted. Given the age of this case, it will be administratively closed during the pendency of discovery. The parties should move to reopen once discovery has completed, and the Court will then ascertain the most efficient means for adjudicating the remaining issues: damages, prejudment interest, and willfulness. The Court will not saddle ProBatter with attorney fees, but it likewise will not consider any future motion for attorney fees made by ProBatter.**

**CONCLUSION**

**For the foregoing reasons, the Court administratively closes the case pending damages discovery and will reopen it after the parties have conducted discovery as permitted above.**

**IT IS SO ORDERED.**

**_________/s/_____________**

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Order dated in Hartford, Connecticut on March 23, 2016.**